# FRANCIS B. LAW

*v.*

# THE PEOPLE *ex rel.* Henry B. Miller.

1. DESCRIPTION—*sufficiency of, for taxation.* For the purposes of taxation, any description of land by which the property may be identified by a competent surveyor, with reasonable certainty, either with or without the aid of extrinsic evidence, will be sufficient. Less strictness will be required than in a grant or conveyance.

2. The following description of land in an assessment: " S. ½ ex. W. 12 rods of E. 40 rods of N. ½ of N. ½, and N. 10 rods, S. 13 rods of E. 28 rods of N. ½ of N. W. ¼ of sec. 23, etc., 74 64-100 acres," *held* sufficient, as the property could be located by a competent surveyor, without extrinsic aid.

3. TAXATION—*act of 1872 repealed all prior conflicting laws.* The general revenue act of 1872 necessarily worked a repeal of all prior conflicting laws, whether found in general acts or special city charters.

4. SAME—*collector's return—by whom to be sworn to.* Under the general revenue law of 1872, the county collector is the proper party to make the affidavit to the return of a delinquent special assessment, and his return, properly sworn to by him, is not invalidated because other officers have also attached their affidavits thereto.

APPEAL from the County Court of Cook county; the Hon. MARTIN R. M. WALLACE, Judge, presiding.

This was an application, by Henry B. Miller, collector of Cook county, for judgment against certain real estate, for delinquent assessments thereon. The real estate of the appellant was described as follows: " S. ½ ex. W. 12 rods of E. 40 rods of N. ½ of N. ½, and N. 10 rods, S. 13 rods of E. 28 rods of N. ½ of N. W. ¼ of sec. 23, etc., 74 $\frac{64}{100}$ acres, valuation

$12,000." The county court, notwithstanding objections filed, rendered judgment for the amount of the special assessment, from which the defendant appealed.

Mr. WILLIAM BERDIN, for the appellant.

Mr. JAMES P. ROOT, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This appeal is from a judgment on a special assessment for park purposes. Under the reasoning in *The People ex rel.* v. *Brislin et al. post*, p. 423, the assessment and judgment are valid, and we will not discuss the questions raised, further in this opinion.

The description of the property given is sufficiently accurate and definite for all the purposes of the assessment. According to the doctrine of *Colcord* v. *Alexander*, 67 Ill. 581, any description adopted in a deed by which the premises intended to be conveyed may be established and identified is sufficient, and a grant or devise will only be declared void for uncertainty, when, after resort to oral proof, it still remains a matter of mere conjecture what was intended by the instrument. It is apprehended the rule may be less stringent as to description of property for taxation, than in a grant or conveyance intended to pass the title absolutely. Any description by which the property may be identified by a competent surveyor, with reasonable certainty, either with or without the aid of extrinsic evidence, will be sufficient.

In this case, we think any competent surveyor, even from the description given, without any extrinsic aid, could locate and determine what property was assessed, and that, under all the authorities, is sufficient.

Objection is made, the delinquent list and the affidavits to the record of the same are insufficient. We are unable to perceive in what particular there is any defect. According to the decision in *Andrews* v. *The People*, 75 Ill. 605, the general revenue act of 1872 necessarily worked a repeal of all

prior conflicting laws, whether found in the provisions of general laws or in those of special city charters. The county collector was, therefore, the proper party to make the affidavit. It is in due form, and is sufficient. The fact the commissioners may have attached their affidavit also, does not vitiate the return.

The judgment must be affirmed.

*Judgment affirmed.*