FRANCIS FOWLER

*v.*

THE PEOPLE *ex rel.* McCrea, County Collector.

1. TAXATION—*description of lands as assessed.* It has been held that any description of property for the purpose of taxation, by which the property may be identified by a competent surveyor with reasonable certainty, either with or without the aid of extrinsic evidence, will be sufficient.

2. Certain property was assessed for the tax of a given year, by this description: "Block 3 except south 100 ft. of W. 635 ft. in Wrightwood, being a subdivision of S. W. ¼ sec. 28, T. 40, R. 14." The assessment for another year described the property assessed as: "Block 3, except 100 ft. of W. 635 ft. of out-lot B of Wrightwood, being subdivision of S. W. ¼ sec. 28, T. 40, R. 14." The assessments were both made in Cook county, and it was shown there was but one subdivision in that county called Wrightwood; that there was but one block 3 in Wrightwood, and but one out-lot B, and that out-lot B was not subdivided. A surveyor testified he would have no difficulty in locating the land by either description given, and although the description in one of the assessments was not entirely accurate, the two descriptions would guide him to the same piece of land: *Held,* the descriptions were sufficient to identify the land as one and the same tract.

WRIT OF ERROR to the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding.

Mr. DANIEL L. SHOREY, for the plaintiff in error.

Mr. CONSIDER H. WILLETT, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an application for judgment for taxes for the years 1877 and 1878, due upon a tract of land described as " block 3, except south 100 ft. of W. 635 ft. in Wrightwood, being a subdivision of S. W. ¼ section 28, T. 40, R. 14." Francis Fowler, claiming to be the owner, appeared and objected to the entry of a judgment against such tract of land for taxes thereon for any year prior to 1878, for the reason, it is said, there was no tax due on said land or any part thereof for any tax prior to 1878, and there had been no forfeiture of such tract of land for taxes for any year prior to 1878, but the objection was overruled and judgment rendered against such tract of land for the year 1878, and the amount of taxes forfeited for the year 1877, making a total amount of taxes of $1155.45.

The only question made is, whether the property assessed in 1877 is the same property assessed in 1878. In both instances the property was assessed to F. Lyman. But in 1877, it was described as " block 3, except 100 ft. of W. 635 ft. of out-lot B of Wrightwood, being subdivision of S. W. ¼ section 28, T. 40, R. 14."

It is recited in the record, it appeared from the evidence there is but one subdivision in Cook county called Wright-wood; that there is but one block 3 in Wrightwood, and but one out-lot B, and that out-lot B was not subdivided. A surveyor was introduced as a witness, who testified he would have no difficulty in locating the land by either description given, and although the description given in the assessment in 1877 was not entirely accurate, the two descriptions would guide him to the same piece of land.

In *Law* v. *The People,* 80 Ill. 268, it was declared, citing *Colcord* v. *Alexander,* 67 Ill. 581, that any description of property for the purpose of taxation by which the property might

be identified by a competent surveyor with reasonable certainty, either with or without the aid of extrinsic evidence, will be sufficient. That is the precise case in hand. Here, the surveyor says he would have no difficulty in locating the land from either description, and that the two descriptions would in effect mean the same piece of ground. · Under the authority cited, that would be sufficient.

The fact the objector made no effort to prove that he or any one else had paid the taxes on his land by what he insists is the correct description, or indeed by any other description, tends strongly to show the taxes for which judgment was rendered were equitably and legally due on the land sought to be charged. It plainly appears there is no land anywhere, other than that claimed by the objector, upon which the forfeiture of 1877 could be charged, and as the description given for both years directs the mind to the same piece of ground, it is a sufficient description of the land owned by the objector, and it must be held to be subject to the taxes assessed for 1877 as well as for 1878 to which no objection was taken.

The judgment must be affirmed.

*Judgment affirmed.*