THE PEOPLE OF THE STATE OF ILLINOIS

*v.*

F. STAHL.

*Filed at Mt. Vernon January 18, 1882.*

</div>

1.  BOUNDARIES—DESCRIPTION—*mistake in surveyor's certificate—con-
trolled by monuments.*   A mistake in the surveyor's certificate, attempting to
give a description of the land actually surveyed and platted into town lots,
describing the town as being on a different quarter of the proper section,
does not render the survey and subdivision of the property into lots and
blocks uncertain, and for that reason void, when the monuments planted by
the surveyor at the time of the survey, fix the boundaries of the survey
definitely and certainly.

2.  It is well settled law that the monuments established by a surveyor at
the time of making the survey, will always prevail over written descriptions,
when a contradiction exists.

3. DESCRIPTION—*of its sufficiency, generally.* Any description of land or a lot, for purposes of taxation, by which it may be identified by a competent surveyor with reasonable certainty, either with or without extrinsic evidence, is sufficient.

4. TAXATION—*personal judgment for taxes—its effect upon the lien—and the right to a judgment against the land.* The recovery of a personal judgment by the State, against the owner of real estate for taxes due thereon, does not discharge the lien given by the statute for such taxes, and hence is no bar to an application by the collector for judgment against the property. The State may have a personal judgment against the owner for the taxes, and at the same time, or at any other time, enforce payment against the land itself by a proceeding *in rem;* but the payment of either judgment will be a satisfaction of both.

APPEAL from the County Court of Effingham county; the Hon. JOSEPH B. JONES, Judge, presiding.

Mr. R. C. HARRAH, for the appellant.

Mr. B. F. KAGAY, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an application by the collector of Effingham county, to the county court of that county, for judgment against delinquent lands and town lots for the year 1880, and prior years. Objections made by F. Stahl to any judgment against lots owned by him, were so far sustained that the court only rendered judgment against his lots for the taxes due thereon for the year 1880, but abated the taxes for 1879, and refused to render judgment for back taxes on his lots for the years 1877 and 1878, because an action at law was pending in a court of competent jurisdiction for a personal judgment against the owner for the taxes due for those years. Exceptions were taken to the decision of the court, which have been preserved in the record, in the usual mode, and the People ask to have the judgment of the county court, abating the taxes on objector's lots for 1879, and refusing to render judgment for back taxes due for prior years, reversed.

Of the objections taken in the county court at the trial, only two are now insisted upon: First, imperfect description of the property; and second, there is now a personal judgment against the owner for the back taxes due on his lots for 1878 and 1877.

The property assessed is lots 1 and 2, in block 17, of the county clerk's subdivision of the north-east quarter of the south-east quarter of section 20, in a town and range stated. The imperfect description insisted upon has no application to the assessment for 1880. His lots were assessed that year by what the owner concedes was a definite and certain description. Judgment was rendered against the property for 1880, and the owner seems to have acquiesced in the decision, as no cross-errors are assigned, and no complaint is made on that score.

It appears that for the prior years the property was assessed in the name of the objector as lots 1 and 2, in block 17, in the town of Effingham, or Effingham proper. The only question made is, whether it is the same property that was assessed to the objector in 1880. As respects the identity of the property, there can not be the shadow of a doubt. The town of Effingham was in fact laid out on the north-east quarter of the south-east quarter of section 20. It was on that tract the surveyor doing the work for the proprietor ran his lines, and divided the ground into lots and blocks, numbered in the usual way, and planted monuments to mark the boundaries of his survey. The plat made by the surveyor, which was acknowledged by the proprietor and was duly recorded, corresponds with the survey actually made. The difficulty, if any exists, arises out of a mistake in the surveyor's certificate, descriptive of the land actually surveyed. It was inadvertently described by him as the north-east quarter of the north-east quarter, instead of the north-east quarter of the south-east quarter of section 20. But that error did not render the survey and subdivision of the property into

lots and blocks uncertain, and for that reason void.   Monuments planted by the surveyor at the time of doing the work, fixed the boundaries of the survey as definitely and certainly as any written description could possibly do.   It is well understood law that monuments established by the surveyor at the time of making his survey will always prevail over written descriptions, where a contradiction exists.   It seems the county clerk caused the north-east quarter of the south-east quarter to be subdivided precisely as it was originally surveyed for the proprietor laying out the town of Effingham, and under the provisions of the statute had the plat recorded, with a view, no doubt, to put an end to the controversy concerning imperfect descriptions.   That neither did any good nor harm.   The description was sufficiently definite and certain by the original survey having monuments on the ground actually subdivided, to mark its boundaries, that could be readily discovered.   Any surveyor, with the plat, by the aid of the monuments on the ground, could easily locate objector's lots, and identify them as the identical property as described in the county clerk's subdivision of that particular tract of land.   Any description of property, for the purposes of taxation, by which it might be identified by a competent surveyor with reasonable certainty, either with or without extrinsic evidence, will be sufficient.   *Law* v. *The People*, 80 Ill. 268; *Fowler* v. *The People*, 93 id. 116.

The second objection is of more seeming difficulty, because the question made is entirely new in this court, but by the analogies of the law it will admit of a satisfactory answer. It is admitted objector was sued, in 1879, for the taxes due on the lots involved, for the years 1877 and 1878, and judgment rendered against him for such taxes by the justice of the peace before whom the cause was heard, from which objector took an appeal to the county court, and that the suit is still pending and undetermined in that court.   The position assumed is, that when a personal judgment is rendered under

the statute, against the owner, for taxes assessed on his property, such judgment will relieve the land itself from such taxes. The proposition asserted has no authority for its support, at least none has been cited, and certainly none exists in this State. There is nothing in the statute which gives authority to sue for and recover the amount due on forfeited property, in an action of debt against the owner, that indicates the recovery of a personal judgment against the party owing such taxes will relieve his land from such taxes; nor is any reason perceived why such a construction should be given to the statute.

A vendor of land may sue at law upon the note given for the purchase money, and at the same time proceed in equity to enforce a lien reserved in the deed in the nature of a mortgage to secure payment of the note. (*Palmer* v. *Harris*, 100 Ill. 276.) As respects a note secured by mortgage, the holder may have a personal judgment against the maker for the amount due, and at the same time proceed by bill in chancery to subject the mortgaged premises to its payment. Indeed, he may have several distinct remedies, all of which he may pursue until his debt is satisfied. A personal judgment on the note, against the maker, is no bar to a bill to foreclose the mortgage by which it is secured, and the two suits may be pending at the same time. *Vansant* v. *Allmon*, 23 Ill. 30.

The statute declares the taxes upon real property, together with all penalties, interests and costs that may accrue thereon, shall be a prior and first lien on such real property, superior to all other liens and incumbrances, from and including the 1st day of May in the year in which the taxes are levied, until the same are paid; and what reason can be fairly assigned why a personal judgment against the owner for the taxes would discharge the lien which the statute gives on his lands to secure the same, any more than a personal judgment against the purchaser would discharge the

vendor's lien upon the land which secures the purchase money? The cases certainly have a striking likeness, and the principle that controls in one case ought to be applicable in the other. It is well understood a vendor may have a personal judgment against the vendee for the purchase money, and may at any time, by bill, proceed to enforce a vendor's lien against the land itself, and by parity of reasoning the State may have a personal judgment against the owner for the taxes, and at the same time, or at any other time, enforce payment against the land itself by a proceeding *in rem.* In either case, one satisfaction is all that would be allowed. The payment of one judgment would be a satisfaction of the other. Applying the principles of the cases cited, it seems clear the State may pursue cumulative remedies at the same time, until payment of the taxes owing by the citizen may be coerced. That is all that is being done in this case, and the remedies adopted are both allowable under the statute.

So much of the order of the county court as gives judgment against the lots owned by objector for the taxes of 1880, will be affirmed, and so much of it as refuses judgment for the back taxes for the years 1877 to 1879, both years inclusive, will be reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Judgment affirmed in part and in part reversed.*