THE PEOPLE OF THE STATE OF ILLINOIS

*v.*

EMELINE REAT *et al.*

*Filed at Springfield November 19, 1883.*

1. TAXES—*assessor's plat—requisites.* A plat of lands, for the purpose of description for taxation, caused to be made by the assessor, is insufficient, under the law, if it does not purport to be made by the *county* surveyor by order of the assessor. If it purports to be made by A B, who, in the certificate thereto, adds to his name the word "surveyor," and there is no proof that A B was county surveyor, it will not be a sufficient compliance with the statute to authorize judgment against lots therein for delinquent taxes.

2. SAME—*sufficiency of description of lots in plat, for taxation.* In a plat of lots in a piece of land, lot 8 appeared to be rectangular, and to extend across the entire plat, and to be bounded by four lines, the length of each of which is given, and its south boundary was not far from the south line of the plat, but how far from such line did not appear, though it seemed to be parallel with the south line of the plat: *Held,* that such plat failed to show the location of the lot with precision.

3. A plat of the subdivision of a tract of land for the purpose of description of its parcels for taxation, is fatally insufficient, under the statute, if it fails to state the number of acres in the lots, and if from it neither the exact location nor the quantity can be known; and even where a lot is well located on a plat, a description of "part of" such lot is wholly indefinite and uncertain, and judgment for taxes thereon is properly refused.

4. SAME—*back taxes need not be kept separately for each year.* Where lands or lots have been forfeited for the non-payment of taxes for several successive years, the statute does not require the back taxes to be stated separately for each year, but they may be grouped in bulk by the clerk in extending the same on the tax books, and by the collector in his application for judgment.

APPEAL from the County Court of Coles county; the Hon. J. R. CUNNINGHAM, Judge, presiding.

Joseph F. Goar, county collector for the year 1881, of Coles county, reported on May 9, 1882, a list of lands and town lots as delinquent for taxes and special assessments, interest, and costs due thereon, with a petition for judgment and order

of sale against said lands and town lots, among which were some assessed in the name of R. C. Reat. Emeline Reat, the widow of R. C. Reat, and others, filed objections to the judgment being entered, claiming, mainly, that the plats are illegal, and that the notice for judgment for back taxes on forfeited lands does not show the amount of taxes due for each year separately. The county court sustained the objections, and the case was appealed to this court.

Mr. A. C. FICKLIN, and Mr. S. M. LEITCH, for the appellant:

On application for judgment the presumption is that the assessor, and all persons connected with the revenue, did their duty. *Durham* v. *People*, 67 Ill. 414; *Mix* v. *People*, 86 id. 312.

The collector's report makes a *prima facie* case, and judgment should be rendered upon it, unless objectors show good cause why it should not. If there are any valid objections why it should not, they must point them out and make them appear. *Durham* v. *People*, 67 Ill. 414; *Buck* v. *People*, 78 id. 560; *Mix* v. *People*, 86 id. 312.

The plats are in substantial compliance with the statute. The number of the acres in each lot is given except as to lots 20, 21 and 22, and there the metes and bounds are given so that the number of acres can readily be computed. Irregularities not affecting the substantial justice of the taxes will not be considered. Rev. Stat. 1874, chap. 120, sec. 191; *Fisher* v. *People*, 84 Ill. 491; *Edwards* v. *People*, 88 id. 340; *Beers et al.* v. *People*, 83 id. 488; *Thatcher* v. *People*, 79 id. 597; *Chiniquy* v. *People*, 78 id. 570; *Purrington et al.* v. *People*, 79 id. 11.

Notice which shows taxes from "1871 to 1881" on two lots, and from 1878 to 1881 on one lot, is sufficient. Hurd's Stat. 1881, chap. 120, sec. 129, p. 914; *Pike* v. *People*, 84 Ill. 80; *Durham* v. *People*, 67 id. 414; *Law* v. *People*, 84 id. 142.

Lands not being assessed in the names of objectors, they must show some interest in them before their objections will be considered. *People* v. *Quick,* 87 Ill. 435 ; *Hosmer* v. *People,* 96 id. 58.

If their lands are described, but not with the certainty desired, they should tender taxes and demand a receipt, with proper description. *Law* v. *People,* 84 Ill. 142.

Messrs. ADAMS & STODDERT, for the appellees :

When special proceedings are authorized by statute by which the estate of one man may be divested and transferred to another, every material provision of the statute must be complied with. The owner has the right to insist upon a strict performance of all the material requirements. *Sanderson* v. *City of LaSalle,* 57 Ill. 445.

The plats introduced in evidence do not show the location of each lot, nor the description of the tract or tracts of land of which such lot or lots are a part, nor the quantity of land in each lot. The statute authorizing a subdivision of land requires that this shall be done. Stat. 1858, pp. 1042, 1043, secs. 46, 47.

A plat, to be in conformity with the statute, and valid, must be made by a county surveyor, and a certificate thereof made by him, and the plat containing the certificate must be filed and recorded in like manner as the plats of towns are required to be certified to and recorded. Stat. 1858, pp. 1042, 1043, secs. 46, 47 ; *Thomas* v. *Eckard et al.* 88 Ill. 593.

An assessor is only authorized to make a plat or subdivision of land, under the statute, when such land can only be described by noting the metes and bounds. Stat. 1858, secs. 42, 43.

South end of the east half of section 11, town 12 north, range 9 east, 37½ acres, can be easily described without noting the metes and bounds.

The assessor, in platting land, had no authority to plat in one plat or subdivision distinct tracts of lands that could not have been described in one tract on the assessor's book for taxation. Stat. 1858, pp. 1042, 1043, secs. 46, 47.

Where back taxes are due, the collector's report should show the amount due for each year, and not the aggregate amount due for a number of years. *Mann* v. *People ex rel.* 102 Ill. 346.

. Mr. James McCartney, Attorney General, for the People, in reply.

Mr. Justice Dickey delivered the opinion of the Court: ·

In *People ex rel.* v. *Chicago and Alton R. R. Co.* 96 Ill. 369, this court held that ·lands assessed for taxation must be described by reference to government surveys, or if land is divided into lots, then by reference to authenticated plats, and that a description of land as a lot of a given number in a known government survey does not designate any ascertainable part of the survey, unless a plat has been made and recorded by competent authority, which divides the survey into lots, and in making such plat the provisions of the statute must be complied with in all matters of substance. The lands in question in the case at bar are not designated in the delinquent list by any known government survey, but one tract as lot 8, in "Assessor's subdivision of the E. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$, and of the S. E. $\frac{1}{4}$ of N. E. $\frac{1}{4}$, Sec. 11, T. 12 N., R. 9 E., $37\frac{1}{2}$ acres," and one tract as part of lot 20, of "Assessor's subdivision of west half of the south-east quarter" of same section, "$1\frac{75}{100}$ acres," and one tract as lot 22, of "Assessor's subdivision of west half of the south-east quarter" of the same section, "$15\frac{25}{100}$ acres." The lands assessed for taxation here not being described merely by reference to the government surveys, but by reference to supposed plats, it becomes· necessary to inquire whether the plats in question

are properly authenticated, whether made and authenticated by competent authority, and whether, in making them, the provisions of the statutes have been complied with in all matters of substance.

In the absence of proof, courts will presume that public officers have done their duty in compliance with law. In this case, however, proofs were introduced. The objectors, after showing their interest in the property, produced from the records in the recorder's office two plats purporting to have been made and recorded, under the direction of the assessor, in the month of July, 1867; one purporting to be a survey and plat of the west half of the south-east quarter of this section, and one purporting to be a survey and plat of the east half of the south-east quarter, and of the south-east quarter of the north-east quarter of the same section. The only statute authorizing such plats for such purpose in force at that time, was the act of February 12, 1853. (Sess. Laws 1853, page 3.) It is there provided, that where land has, for purposes of sale, been divided into parcels less than one-sixteenth of a section, or otherwise so divided that the parcels can not be described in the usual way, the owner may cause a plat to be made by *the county surveyor*, which shall particularly describe and set forth the lots or parcels, showing *the location* of each and the quantity of land in each, and certified by the surveyor, and recorded, as plats of towns are required to be certified and recorded; and the statute declares that lands described, for the purpose of taxation, in *accordance* with the description set forth in the plat aforesaid, shall be deemed a good description. The act then provides that in such case the assessor may require the owner to do so, and in default of the owner's action, the assessor shall cause *such* survey to be made and recorded.

These plats, when produced, do not seem to meet the requirements of the statute. They do not purport to have been made by the county surveyor. They do purport to have

been made by Daniel Parker, by the orders of the proper
town assessor; and Daniel Parker, in the certificate to one
of the plats, adds to his name the word "surveyor." Nor was
any proof offered tending to show that Parker was the county
surveyor. Nor does either of the plats show the location of
either of the lots in question. Lot 8, on the plat, appears to
be rectangular, and to extend clear across the entire plat, and
to be bounded by four lines, the length of each of which is
given, and its south boundary is not far from the south line
of the plat, but how far from the south line does not appear.
The entire plat is bounded by dark lines, while the parcels are
bounded by red lines where the boundary of the lot or parcel
does not conform to some outside boundary of the whole
tract. The south line of lot 8, marked by a red line, is
drawn a short distance north of the south boundary of the
entire tract, and, apparently, about parallel thereto, but the
breadth of the strip left south of lot 8 is not given. No sur-
veyor, from this plat alone, could locate with precision this
supposed lot 8. As to lots 20 and 22, the plat fails to state
the number of acres in either of them, as required by the
statute. Nor does the plat locate with precision either of
them. Neither the exact location nor the quantity can be
known from the plat. Lot 22 appears to be bounded by five
right lines, the length of each of which is given. One of the
angles appears to be a right angle, but this is not so stated
upon the plat. While it is true that with the length of each
of the sides of a triangle given, the angles may be told, yet
this is not true of a four-sided figure. One angle, at least,
must, in such case, be given, before the exact form and loca-
tion can be ascertained. As to lot 20, it is bounded, on the
plat, by seven lines, the length of each of which is given, yet
none of the angles are given, and none of the angles even
appear to be right angles. Even if this lot were well located
on the plat, the description, "part of lot 20," is wholly indefi-
nite and uncertain. We think the county court, for imper-

fection of these plats, was fully justified in refusing the judgment sought.

It may be well to notice another objection urged by appellees. There were charges against one tract for "back tax, interest and costs forfeited prior to July 1, 1879, (years 1871 to 1878,) $643.24," and, in another column, for back tax, interest and costs forfeited subsequent to July 1, 1879, (years 1879 to 1881,) $177.76. It is insisted that the amounts claimed as back taxes should be separately stated for each year, and that such back taxes for several forfeitures can not lawfully be grouped in bulk, as is done here. As has been heretofore said, the statute does not require the back taxes on forfeited property to be stated separately for each year. (*Pike* v. *The People,* 84 Ill. 80.) Nor do we perceive any necessity therefor arising from any provision of the statute. The time intervening between the forfeiture of land, for any given amount, and the time of adding the amount to the taxes of a current subsequent year, does not increase or decrease the amount to be charged as such back taxes. Ten per cent is to be added to the back taxes, interest, penalty and printer's fee, in cases of forfeitures prior to 1879, and twenty-five per cent is to be added in all cases of forfeiture after July 1, 1879. The forfeitures are a matter of record, and the amounts for which the property stands forfeited are also of record. If the clerk has made any mistake in collecting the amounts, the owner who is in default may ascertain the same by resort to the public records. There all the details may be found, and if, on their production, the aggregate of the clerk appears too great, the court can render judgment for what is right. Nothing is produced in this case tending to show that the aggregates are not correct. Counsel seem to think that the judgment in *Mann* v. *The People,* 102 Ill. 346, was reversed because back tax on forfeited property was claimed for several years, in bulk, without stating the amount for each year. This is a misapprehension. That

judgment was for back taxes for 1879 and *previous* years, and no claim for previous years was in the collector's return. The return was of a delinquency as to back tax of 1879 and *subsequent* years. The judgment had no foundation in the claim of the collector. We think this objection to the mode of stating back taxes on forfeited property can not be sustained. The defects of the plats, however, were valid objections, and fully support the judgment of the county court.

The judgment will be affirmed.

*Judgment affirmed.*