· WILLIAM M. KILGOUR

*v.*

DRAINAGE COMMISSIONERS.

*Filed at Ottawa September 27, 1884.*

1. APPEAL—*in suit on appeal bond in special assessment proceedings—directly from trial court.* An appeal bond given on an appeal to three supervisors from a confirmation of a special assessment for drainage, being but *incidental* to the assessment it is given to secure, an appeal from a judgment in an action on such bond lies directly from the trial court to this court, the same as if the suit had been on the assessment itself.

2. MEASURE OF DAMAGES—*in suit on appeal bond—in the matter of a special assessment.* In an action upon an appeal bond given on appeal from the confirmation of a special assessment, the measure of recovery is the amount of the assessment, and nothing more, except the costs. ·

3. FORMER RECOVERY—*as to recovery upon an appeal bond given in special assessment proceedings—and judgment upon the assessment itself.* A recovery of the amount of a special assessment in an action upon an appeal bond given on an appeal from the assessment, is a bar to any other proceeding to collect the assessment. So a recovery of the amount of the assessment by judgment against the land assessed, and its collection, might be pleaded in bar of a suit on the appeal bond.

4. PLEADING—*nil debet to suit on appeal bond. Nil debet* is not a good plea in an action on an appeal bond. ·

5. SAME—*plea to action on appeal bond in special assessment proceedings.* In an action on an appeal bond conditioned for the payment of a special assessment in case the same is affirmed by the three supervisors to whom the appeal was taken, the defendant pleaded that the assessment was

afterwards set aside by the county court, and so remains set aside: *Held*, that the plea was bad, in not showing any appeal from the affirmance by the supervisors, to the county court, or any other fact showing jurisdiction in that court to set aside the assessment.

6. And in such an action a plea that the county court, on application for judgment against the land assessed, refused judgment, fails to answer the breach of a failure to pay the assessment on affirmance. The failure of the county court to enforce the lien of the assessment against the land, is no answer to the breach.

7. NOTICE—*as to time and place of confirming special assessment— waiver by appeal.* And in such action a plea showing a want of notice of the time and place of the meeting of the commissioners at which they confirmed the assessment, presents no defence. The appeal cured any want of notice of the proceedings, and gave the party an opportunity of being heard on the merits.

8. CUMULATIVE REMEDY—*in respect to collection of special assessment.* The remedy given by law to drainage commissioners of a town, by action on the bond of a party appealing from the confirmation of a special assessment against his land, where the same is affirmed, does not depend upon their first enforcing the lien of the assessment against his land. The remedy against the land is merely cumulative, and a failure to pursue it will not avoid the personal obligation to pay, created by the bond.

9. DRAINAGE LAW—*extent of legislative power under the constitutional amendment of 1878.* Under the amendment of the constitution (sec. 31, art. 4,) adopted in November, 1878, the legislature is expressly empowered to "provide for the organization of drainage districts, and vest the corporate authorities thereof with power to construct and maintain levees, drains and ditches," etc. This grant of power being unrestricted in terms, carries with it, by implication, all other powers necessary to make the general grant effective to accomplish the result intended. As to the mode in which the power is to be exercised, the legislature is left the sole judge.

10. SAME—*act of 1879—its constitutionality, as assuming power to appoint officers.* Section 71 of the Drainage law of 1879, which provides that the commissioners of highways of a town shall also be drainage commissioners of the township, is not invalid, as an assumption of an appointing power which the legislature does not possess, but is a valid enactment.

11. Imposing by law new duties upon officers merely statutory, already chosen, is by no means the appointment·or selection of such officers by the legislative department.

12. SAME—*drainage assessment as distinguished from a tax.* The provisions of the constitution in relation to taxes have no application to the imposition of the burdens imposed by this Drainage act. These assessments are not taxes.

APPEAL from the County Court of Whiteside county; the Hon. WILLIAM LANE, Judge, presiding.

This is an action of debt, brought by the drainage commissioners of Montmorency township, Whiteside county, against William M. Kilgour, upon an appeal bond given by him on an appeal to three supervisors from an assessment of benefits upon his land for a drain, under the township drainage statute of this State, in force July 1, 1879.

The declaration alleges the execution and delivery of the bond in perfecting an appeal from an assessment of the commissioners, to three supervisors, and sets out in one of the counts the bond *in hæc verba.* This bond recites that the commissioners had made an assessment on appellant's lands (describing them) for the sum of $440; that such assessment had been confirmed by the commissioners, and that appellant had taken an appeal from their decision, to three supervisors of the county, and was conditioned as follows:

"Now, therefore, if the said W. M. Kilgour shall pay or cause to be paid to the said drainage commissioners the amount of said assessment, and all costs of this appeal in case said assessment shall be affirmed by said supervisors, then this obligation to be void, otherwise to remain in full force and virtue."

The declaration alleges the affirmance of such assessment by the supervisors; that such affirmance was not appealed from, but remained in full force, and that the appellant had not paid the amount of the assessment recited in the bond. Appellant filed various pleas, to all of which, except that of *non est factum,* the court sustained demurrers, and appellant electing to stand by his pleas, the cause was brought to trial on the issue upon the plea of *non est factum,* and judgment rendered in favor of appellees, from which this appeal is prosecuted.

Messrs. MANAHAN & WARD, and Mr. W. M. KILGOUR, for the appellant:

Section 71 of the Drainage law attempts to make drainage commissioners out of highway commissioners already elected, and is an assumption of an appointing power the legislature does not possess under our system of government. If an action for misfeasance or nonfeasance in office, for a wrongful or fraudulent assessment, were brought against these parties, would not the plea that they were never elected as assessors, and never appointed as such by any competent authority, and never qualified as such assessors, be a good plea? We insist it would.

The third and fourth pleas specially set forth that the assessment, which is the condition mentioned in the bond, was afterwards by the county court set aside and for nothing held, and we insist that the assessment, whether legal or not, having been set aside by competent authority, there is no reason to urge for the payment of the penalty in the bond.

The amendment to the constitution of 1870 is as follows:

"Sec. 31. The General Assembly may pass laws permitting the owners of lands to construct drains, ditches and levees, for agricultural, sanitary or mining purposes, across the lands of others, and provide for the organization of drainage districts, and vest the corporate authorities thereof with power to construct and maintain levees, drains and ditches, and to keep in repair all drains, ditches and levees heretofore constructed under the laws of this State, by special assessments upon the property benefited thereby."

This section considered as standing alone, might be urged as giving the authority claimed; but with it must be considered and construed section 9, of article 9, entitled "Revenue," which is still in force as part of the constitution, and which provides that "for all other corporate purposes all municipal corporations may be vested with authority to assess and collect taxes, but such taxes shall be uniform in respect to per-

sons and property within the jurisdiction of the body imposing the same." This section is still in force as part of the constitution, and as such qualifies section 31, under the head "Miscellaneous," which is the amendment, and requires that the taxes in the jurisdiction shall be uniform. To comply with this provision of section 9, article 9, the assessment of these drainage commissioners would have to be reviewed by the State Board of Equalization, and no provision is made in the Drainage act for that purpose.

Messrs. Bennett & Green, for the appellees:

This suit not relating to the revenue, but being simply an action upon a contract, no appeal lies directly to this court. The plea of *nil debet* is clearly bad when the suit is on an appeal bond, as has been held by this court. *King* v. *Ramsey,* 13 Ill. 619; *Mix* v. *The People,* 86 id. 329; *Caldwell* v. *Richmond,* 64 id. 30.

The third plea is plainly insufficient. The pleader does not set forth with precision how the court obtained jurisdiction to act upon the assessment, or in what suit or proceeding such assessment was set aside,—whether the same was at law, in chancery or probate, or who were the parties to it, or whether there were any parties at all. And besides, the plea is not a full answer to the undertaking of appellant, as set forth in the bond. *Quincy Coal Co.* v. *Hood,* 77 Ill. 68; *Mix* v. *The People,* 86 id. 330.

The fifth plea states with more precision the defence attempted to be set up in the fourth. It sets up substantially a refusal of the county court, when application was made to enforce the lien of this assessment upon the lands by the usual tax sale, to render judgment against these lands, and order them sold. There are no facts averred in the plea showing that the court had any jurisdiction to act upon the assessment, or the action of the supervisors, in any other way than refusing judgment to enforce the lien upon the

lands. This plea does not answer the breach assigned upon the bond. "The condition of the bond is to pay the amount of the assessment in case it shall be affirmed by the supervisors;" and it is no answer to such breach to aver that the county court refused to render judgment against the lands to enforce the lien of the assessment upon them. The commissioners had a right to rely upon the bond as a security for the payment of the assessment. The remedy by a sale of the land at tax sale was, after the giving of the bond, merely cumulative, and in no way interfered with the personal obligation on the bond. *The People* v. *Stahl,* 101 Ill. 346.

The fifth plea is plainly bad, for the reason that the bond recites the assessment and its confirmation. The demurrer admits this, and appellant is estopped thereby. *Arnott* v. *Friel,* 50 Ill. 174; *Courson* v. *Browning,* 78 id. 210; *Smith* v. *Whittaker,* 11 id. 417; *Herrick* v. *Swartwout,* 72 id. 340; *Albee* v. *The People,* 22 id. 533; *Crisman* v. *Mathias,* 1 Scam. 148.

The sixth plea avers want of notice of meeting of the commissioners. This plea is bad, because it is no answer to the breach assigned in the declaration; is defective in form, the same being double, and wanting in precision; and furthermore, the want of notice is waived by the appearance of appellant, and his appeal. (*Hohmann* v. *Eiterman,* 83 Ill. 92; *Gilkerson* v. *Scott,* 76 id. 509.) It has also been adjudicated, and can not be raised collaterally. *The People ex rel.* v. *Brislin,* 80 Ill. 423; *Andrews* v. *The People ex rel.* 83 id. 529.

The seventh plea is intended to present a constitutional question as to the power of the legislature to enact that the highway commissioners of a township should also be drainage commissioners. There is no prohibition in the constitution against conferring other powers and duties upon officers already chosen. Such instances are numerous. But by making the bond to these commissioners by their corporate name, appellant is estopped to dispute their corporate capacity.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

A preliminary question is presented by the motion of appellees—whether an appeal lies in this case directly to this court. It is insisted that the matters involved in this action do not relate to the revenue, but that the enforcement of a contract is all that is embraced in the suit. We can not accede to this view. While it is true that the action is brought upon appellant's appeal bond given on his appeal from a special assessment upon his land, yet the sum actually recoverable in this form of action is the amount of the assessment, and nothing more, except the costs. The appeal bond is but incidental or collateral to the assessment it was given to secure. It matters not whether the money is collected on the assessment or on the bond. The character of the fund will be the same in either case, and becomes a part of the funds of the corporation devoted to certain public purposes, as much so as a school or road tax. There can be no doubt that a recovery of the assessment in this case by the sale of the lands assessed would be a bar to a suit on the appeal bond, the same as a discharge of the bond by payment would bar an application for judgment on the assessment.

The demurrer was properly sustained to the plea of *nil debet*. Such a plea is bad in an action on an appeal bond. *King et al.* v. *Ramsey,* 13 Ill. 619; *Caldwell* v. *Richmond,* 64 id. 30 ; *Mix* v. *The People,* 86 id. 329.

The third plea is, "that he (defendant) ought not to be charged with the said debt by virtue of the supposed writing obligatory, because he says that the said assessment in said declaration was afterwards, to-wit, etc., set aside by the county court of said Whiteside county, and that said assessment since has remained, and now is set aside, annulled, and for nothing held," etc. This plea is no answer to the declaration. The condition of the bond is the payment of the assessment in case of its affirmance by the three supervisors to whom the

appeal was taken, and the plea fails to show any appeal from the supervisors to the county court, so as to authorize that court to set aside the assessment, nor does the plea in any way show jurisdiction in the county court to act in this regard.

The fourth plea fails to answer the breach alleged,— a failure to pay the assessment on its affirmance by the supervisors. The refusal of the county court to render judgment against the land to enforce the lien of the assessment, is no answer to the breach. A suit may be maintained upon an appeal bond given on appeal from a judgment against land for taxes, for a breach of the condition to prosecute the appeal with effect, notwithstanding the remedy against the land remains unexhausted. In such case the obligee may pursue either remedy he chooses. (*Mix et al.* v. *The People, use, etc.* 86 Ill. 329.) The remedy against the land is merely cumulative, and a failure to pursue it does not avoid the personal obligation to pay, created by the bond. *The People* v. *Stahl,* 101 Ill. 346.

The fifth plea is, that the defendant had no notice of the time and place of the meeting of the commissioners when and where they confirmed such assessment, and did not appear. The sixth plea avers want of notice of the meeting of the commissioners. The appeal cured any want of notice of the proceedings, and gave appellant a chance of being heard, and a right to a trial on the merits. *Hohmann* v. *Eiterman,* 83 Ill. 92; *Gilkerson* v. *Scott,* 76 id. 509.

The seventh plea sets up that plaintiffs were elected commissioners of highways in and for the town of Montmorency, before the said statute constituting them drainage commissioners became a law, and that said plaintiffs have not been elected or appointed such commissioners of highways since the passage of said law; that said plaintiffs were never elected or appointed as such drainage commissioners, nor did they, or any of them, ever take any other or further oath, or file any other bond. This plea is intended to present the consti-

tutional question as to the power of the legislature to enact
that the highway commissioners of a township should also
be drainage commissioners of the township. It is contended
that section 71 of the Drainage law is invalid, as an assump-
tion of an appointing power which the legislature does not
possess. We do not think the constitutional objection to the
section is well taken, but, on the contrary, think it is a valid
enactment. Under the amendment of the constitution, (sec-
tion 31, article 4,) adopted in November, 1878, the legislature
is expressly empowered to "provide for the organization of
drainage districts, and vest the corporate authorities thereof
with power to construct and maintain levees, drains and
ditches," etc. This general grant of power being unrestricted
in terms, carries with it, by necessary implication, all other
powers necessary to make the general grant effective, and to
accomplish the results intended. As to the mode in which
this power is to be exercised, the legislature is left the sole
judge. Numerous instances might be referred to in which
the legislature has imposed new duties upon officers already
elected, where the duties of such officers are not fixed by the
constitution, and the constitutionality of such enactments
would seem to be unquestionable. Imposing by law new
duties upon officers merely statutory, already chosen, is by
no means the appointment or selection of such officers by the
legislative department. The provisions of the constitution in
relation to taxes have no application to the imposition of the
burdens imposed by this act. These assessments are not
taxes. It is a special regulation, whereby an owner is re-
quired to pay for benefits specially conferred upon his land.

The judgment of the court below is therefore affirmed.

*Judgment affirmed.*