Cairo, Vincennes and Chicago Railway Company
*v.*
Thomas J. Mathews, Collector.

*Filed at Mt. Vernon October 22, 1894.*

1. Taxation—*defects in advertisement—how cured.* If a party appears in the county court and resists the entry of judgment for taxes, this will cure defects in the publication of the delinquent list and the notice of application for judgment.

2. Same—*presumption as to unpaid personal tax.* Where the collector's book shows unpaid personal property taxes charged against land, it will be presumed such tax could not be made out of personal property, and this presumption will prevail unless overcome by proof.

3. Same—*what a sufficient description.* For the purpose of taxation any description of land by which the property may be identified by a competent surveyor with reasonable certainty, either with or without the aid of extrinsic evidence, will be sufficient. See opinion for description of railway property held to be sufficient.

4. Same—*presumption that description is correct.* In view of the statute requiring a railroad company to make out and file with the county clerk a schedule showing the right of way of the company in the county, it will be presumed that this duty has been performed, and that the county clerk accurately copied the description given by the company, and that the company should be estopped from avoiding the payment of its just taxes on account of a supposed misdescription.

5. Same—*manner of computing railroad taxes.* The fact that the various taxes were calculated upon the aggregate value of "rail-

road track" and "rolling stock" is a mere irregularity, not affecting the substantial justice of the taxes or increasing their amount, and does not vitiate the assessment.

6. Same—*school officers—wrong designation will not invalidate.* The fact the school officers of a district denominated themselves "directors," in signing the certificate of levy, instead of "board of education," will not invalidate the levy.

Appeal from the County Court of White county; the Hon. J. C. Pearce, Judge, presiding.

Mr. C. S. Conger, for the appellant.

Mr. Maurice T. Moloney, Attorney General, and Mr. F. M. Parish, States Attorney, for the appellee.

Mr. Justice Baker delivered the opinion of the court :

This is an appeal by the Cairo, Vincennes and Chicago Railway Company from the judgment of the county court of White county, rendered against it for the taxes of the year 1892, and costs. The objections filed in the county court were overruled, and exceptions taken. They will be considered in their order.

It is objected that the advertisement of the delinquent list and application for judgment was defective, and not such as is required by law. Even if this be so, it cannot now avail the appellant. It appeared in the county court and filed objections to the rendition of judgment, and litigated the matter of its liability for the taxes in question. This cured the defects, if any, in the published notice. *People ex rel.* v. *Sherman et al.* 83 Ill. 165 ; *Hale* v. *People ex rel.* 87 id. 72 ; *Frew* v. *Taylor*, 106 id. 159.

It is objected that the judgment was rendered against the appellant's real estate for the taxes assessed against its personal property, without there being any evidence showing that such personal property tax could not be collected out of the personal property of appellant. This objection is based upon the requirements of sections 255 and 183 of chapter 120 of the Revised Statutes. It is pro-

vided in section 255 that the tax on personal property shall not be charged against real property, except in cases of removals or where said tax cannot be made out of personal property.

We held in *Shelbyville Water Co.* v. *People ex rel.* 140 Ill. 545, that where the collector's book shows a charge of unpaid personal property tax against particular parcels of land, it will be presumed that such charge became necessary because the tax could not be made out of personal property. It is urged, however, that at the hearing of the objections one Elvis Hunsinger, an assistant of the collector, testified that no effort of any kind had been made by the collector to collect the personal tax charged against appellant, and that this evidence rebuts the presumption that would otherwise be indulged in. The evidence in question does not go far enough to overcome the presumption that the collector did all that his official duty required of him. *Shelbyville Water Co.* v. *People ex rel. supra; Job* v. *Tibbetts,* 5 Gilm. 376.

There is some evidence in the record which tends to show that at the time the taxes on personal property were charged against real estate, and at the time of the application for judgment herein, the rolling stock and other personal property connected with appellant's line of railroad in White county belonged to and were in the possession of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, and that this latter company was operating said line of road. If this were so, it would have been but an idle ceremony for the collector to have demanded from the local agents in White county of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company payment of taxes that had been levied for a former year on the personal property of a different corporation, the Cairo, Vincennes and Chicago Railway Company, and it would not be required of such collector that he should endeavor to make such tax by seizing the rolling stock and other personal property

of the Cleveland, Cincinnati, Chicago and St. Louis Rail-
way Company. The evidence tending to prove this state
of the case is but slight, but the People are entitled to
the benefit of it, and to its probative force is added the
presumption of the performance of official duty, and the
weight of the two, combined, is sufficient to overcome
the fact testified to by Hunsinger.

In respect to the claim that the collector did not, in
compliance with the requirement of section 183, select
some particular tract or tracts of real property against
which to charge the delinquent personal tax, we may say
that we think it is without merit. It appears that he
selected and designated "a strip of land extending on
each side of said railway track and embracing the same,
together with all the stations and improvements, com-
mencing at a point where said railroad track crosses the
eastern boundary line of said White county, and extend-
ing to a point where said railway track crosses the west-
ern boundary line of said White county, said strip of
land containing in all 374 and 99-100 acres." We think
this is a sufficient selection and designation of a "particu-
lar tract of real property."

Section 42 of the Revenue act provides that the right
of way of railroads shall be held to be real estate for the
purposes of taxation, and denominated "railroad track,"
and "shall be described in the assessment thereof as a
strip of land extending, * * * commencing at a point
where such railroad track crosses the boundary line in
entering the county, * * * and extending to the
point where such track crosses the boundary line leav-
ing such county," etc., and giving the number of acres
and length in feet, etc. It is objected that the descrip-
tion in the assessment book is insufficient, and does not
agree with the description in the delinquent list. The
only descriptions to be found in the assessment book are
these: "A list of taxable property belonging to the
Cairo, Vincennes and Chicago Railway Company in the

county of White. N. B.—Detailed description of real estate included and taxed herein under head of 'Right of Way,' and Schedule 'D,' recorded on page . . . . of this book. Schedule 'A,' R.R. Track—A strip of land extending on each side of said track, and embracing the same, together with all stations and improvements thereon."

That is certain which can be rendered certain. The reference here is to a "detailed description of real estate" "recorded" on another page of the assessment book. This other page of the book was not offered in evidence, nor was any evidence offered that there was no such "detailed description" in the book. The presumption must be that there was such a description, and that it was such as is required by the statute, and without such "detailed description" in the record we cannot say that there was a variance between the description in the assessment book and that in the delinquent list.

It is urged that the description is erroneous, in that it describes the track as entering the county on the eastern line and leaving it on the western boundary line of the county, while the evidence shows that the track in fact enters the county upon the northern and leaves it upon the southern boundary, and does not touch or cross either the eastern or western boundary line of the county. It was the duty of appellant, under sections 40 and 41 of the Revenue act, to make out and file with the county clerk a statement or schedule showing the property held for right of way, etc. It is to be presumed that it performed this duty, and that the county officials relied upon the statement or schedule filed, as an accurate description of the right of way. Appellant should now be estopped from avoiding the payment of its just taxes on account of a misdescription, if there is a misdescription. The law will presume that the county clerk performed his official duty and accurately copied the description given by appellant, so we will not now stop to inquire whether, as matter of fact, the right of way enters White

county on the east and leaves it on the west boundary line of the county, or enters it on the north and leaves it on the south boundary line, or enters the county at its north-east corner and leaves it at its south-west corner. At all events, we are satisfied that a competent surveyor will have no difficulty in locating and identifying the right of way or railroad track of appellant through White county. For the purpose of taxation, any description of land by which the property may be identified by a competent surveyor with reasonable certainty, either with or without the aid of extrinsic evidence, will be sufficient. (*Fowler* v. *People ex rel.* 93 Ill. 116; *Greenwood* v. *Town of LaSalle,* 137 id. 225.) Even a less stringent rule is held than in cases of grant or conveyance. *Law* v. *People ex rel.* 80 Ill. 268. ·

It is claimed that all the taxes for which judgment was rendered are illegal. This claim is based upon the fact that while values were separately assessed upon main track, side-track, improvements on right of way, and rolling stock, yet the various taxes were calculated upon the aggregate value of these various kinds of property. Main track, side-tracks, right of way and improvements thereon are all "railroad track," and properly listed and taxed together. (Sec. 42.) "Rolling stock," however, is personal property, and should be listed, assessed and taxed as such. (Secs. 44, 45, 46.) But it is mere matter of computation to separate tax on "rolling stock" from tax on "railroad track." The defect in this respect is a mere irregularity. It does not affect the substantial justice of the taxes. It is not suggested that the taxes have been in any respect increased thereby. Section 191 of the Revenue act, as amended May 3, 1873, (Laws of 1873, p. 47,) provides that no error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of the taxes, not affecting the substantial justice of the tax itself, shall

vitiate or in any manner affect the tax or the assessment thereof.

School district No. 4, township 5, south, range 9, east, otherwise called "Carmi District," is governed by a board of education instead of by a board of directors. The proper officers levied the school taxes in that district. The mere fact that in signing the certificate required they attached the word "directors" to their names will not invalidate the school tax levied for their district.

The school tax levied in said district No. 4 was, however, $160.08 in excess of what it should have been, and the school tax levied in district No. 5, township 6, south, range 8, east, was $16.80 more than it should have been. *Remittiturs* have been entered in this court for these respective amounts. This cures the only substantial defects in the record.

The judgment of the county court of White county, as amended by the entry of the *remittiturs*, is affirmed.

*Judgment affirmed.*