JOHN KOELLING *et al. v.* PEOPLE *ex rel.* Raymond,

and

THE TITLE GUARANTEE AND TRUST COMPANY *v.* SAME,

and

THE CHICAGO AUDITORIUM ASSOCIATION *v.* SAME.

*Opinion filed April 16, 1902.*

1. TAXES—*plats not conforming to the statute do not have legal effect of statutory plats.* Plats not made in compliance with the statute authorizing them do not have the legal effect of statutory plats, so as to make the descriptions set forth therein good and valid descriptions of the property.

2. SAME—*when description of property for taxation is sufficient.* Although the description of property for taxation is taken from a plat which was not made in compliance with the statute, still such description is sufficient provided a competent surveyor can locate the property therefrom, either with or without the aid of other plats, about which there is no question.

3. SAME—*when property owner is bound by description of property for taxation.* If the description of property for purposes of taxation is the same as that by which the owner acquired his title, such description will be good against him for the reason he has adopted such description.

4. SAME—*ordinance levying a school tax need not specify in detail the objects of the tax.* If the appropriation ordinance and the ordinance levying the tax for school purposes each provide for specific sums of money under two separate headings, one for new buildings and sites and the other for educational purposes, it is not necessary that the ordinances should separate into items the amounts required for new buildings and for sites, nor specify the items for educational purposes.

WRITS OF ERROR to the County Court of Cook county; the Hon. R. S. FARRAND, Judge, presiding.

JOHN D. ADAIR, and WILLIAM F. CARROLL, for plaintiffs in error.

EDWIN W. SIMS, County Attorney, and FRANK L. SHEPARD, Assistant County Attorney, for defendant in error.

196—23

Mr. Justice Cartwright delivered the opinion of the court:

The writs of error. in these cases have brought before us for review three judgments of the county court of Cook county entered against the lands of plaintiffs in error, on the application of the county collector, for the delinquent taxes of 1900. The principal question of law arising in them is common to all, and for that reason they have been heard together.

The question arises in each case on objection No. 5, that the description by which the property was designated in the assessor's and collector's books and collector's warrant was insufficient. The lots of the objectors in two of the cases and a part of them in the other case were described according to certain assessors' plats or subdivisions of lots or blocks in the city of Chicago, recorded in the recorder's office of said county. These plats were alleged to be void for a failure to comply with the provisions of the statute authorizing such plats to be made. The question is whether the descriptions, according to these plats, were valid and sufficient for the purposes of taxation. The surveys and plats were not made in compliance with the provisions of the statutes authorizing them, and therefore they do not have the effect given to legal plats by the statute, so as to make the descriptions, as set forth in them, good and valid descriptions of the lots. In order to make a plat a legal statutory one the provisions of the statutes must be complied with in all matters of substance. (*People* v. *Reat*, 107 Ill. 581). The plats must be regarded the same as if they had been made by the same persons without any statutory provision.

It has uniformly been held that property must be assessed and taxed by some description from which its locality can be determined and the property ascertained. In one case, a deputy county surveyor employed by the assessor of the county made a survey and subdivision of

a tract and platted it, and the plat was filed in the re-
corder's office but not recorded. Property described as
lot 15 of that plat was taxed as the property of the Chi-
cago and Alton Railroad Company. The owner of the
land had not subdivided it, and it was not subdivided by
the county clerk after the refusal of the owner. The lot
did not represent any ascertainable part of the original
tract, and, having no legal existence, the judgment of
the county court refusing the application of the collector
was affirmed. (*People* v. *Chicago and Alton Railroad Co.* 96
Ill. 369.) Again, in *People* v. *Dragstran,* 100 Ill. 286, lands
were described as in section 1, Logan county, giving no
township or range. The land was located as being in
some section 1 of the county, but there were many sec-
tions of that number and nothing to show which was
intended. It was held that a description of the prop-
erty against which judgment was sought for taxes was
essential, and that the application for judgment was
properly refused. In *People* v. *Eggers,* 164 Ill. 515, the ap-
plication was for a judgment for the sale of lots 25 to 48
of the subdivision of a certain block of land in Chicago
for a delinquent special assessment. The block con-
tained five or six acres, which had not been subdivided
into lots. No lot represented any particular part of the
block and none could be located or identified. It was
held that an application for judgment should be refused
if the land could not be identified, and the judgment of
the county court refusing the application on that ground
was held proper. In *People* v. *Clifford,* 166 Ill. 165, the
owners had caused a plat of a subdivision to be made
and acknowledged and it was approved by the trustees
of the town of Cicero, but the subdivision was never com-
pleted by recording the plat. The property appeared of
record as unsubdivided, and there were no lots described
against which taxes or liens for taxes could attach. The
application was for judgment for an installment of a
special assessment, and being against property which

had no existence it was held proper to refuse it.    In *People* v. *Reat, supra,* an assessor's plat had been made for the purpose of taxation, but neither the location nor the quantity of land taxed could be known.    Judgment having been refused by the county court, the judgment was affirmed.    In *Upton* v. *People,* 176 Ill. 632, the application for judgment for a delinquent special assessment was based on a subdivision by school trustees and an assessor's plat.    There was no evidence of the subdivision by the school trustees, and the description resting alone on an assessor's plat not made according to law, was held insufficient to authorize a judgment.    The property assessed was not so described as to be capable of identification.

Counsel for defendant in error contend that there is some distinction between special assessments and general taxes in respect to certainty of description; but no such distinction has ever been observed, as will be seen from these decisions, and we know of no reason for any difference.    If the descriptions by these plats were descriptions of certain specific pieces of property which could be found and identified they were sufficient, but if they were descriptions of property which neither had a legal existence nor was capable of identification they would not support a judgment for taxes.

In each of these cases three witnesses, who were competent surveyors of long and general experience in their profession in the city of Chicago, testified, on behalf of the People, that they were able, from the description given, to locate and identify the property in question with absolute certainty.    Each had made surveys and plats and was familiar with the same and with the customs prevailing in the business of surveying, followed, used and acquiesced in by surveyors generally.    Each testified that if the assessor's plat were given him he could take the original plat of the city and additions, about which there was no question, and make a survey

in accordance with the assessor's plat and locate and identify the property. There was no contradiction of this testimony. The original town of Chicago and its additions were laid out into lots and blocks, and the plats in question showed certain streets and blocks of such original plat, with streets familiarly known to every citizen, and showing their intersections and the relation of the property to them. The courts have sometimes found, from mere inspection of a plat, that the property could be identified from monuments and distances appearing upon it, and it has always been held that a description of property which is sufficiently definite to enable a surveyor to locate it with certainty, either with or without extrinsic evidence, is sufficient, either in a conveyance or for the purpose of taxation. Lands may be conveyed by any description from which they can be identified, and such a description will be perfectly valid. In *Choteau* v. *Jones*, 11 Ill. 300, the lands in a deed were described as "two entire sections of land in the Marine settlement and State of Illinois, and patented to said John Rice Jones." The description was held sufficiently definite and certain, since the locality was well known, and upon the examination of the proper records it could be ascertained which two sections of land had been patented by the grantor. In *Colcord* v. *Alexander*, 67 Ill. 581, it was held that any description adopted in a deed by which the premises intended to be conveyed may be established and identified is sufficient, and that extrinsic evidence may always be used to identify and establish the objects of the calls in the deed. Again, in *Stevens* v. *Wait*, 112 Ill. 544, the same rule was announced. In *Taylor* v. *Wright*, 121 Ill. 455, the same rule was applied to a tax deed. It was there contended that the description by which the property was assessed and taxed was void for uncertainty, but on the authority of the previous decisions the description was held sufficient. It was said that the terms used were to be construed with reference

to the known customs of those whose duty it was to describe property for the purpose of taxation.

In some of our decisions it has been said that the rule is less stringent as to description of property for taxation than in a conveyance. That statement, perhaps, needs some qualification. A conveyance of all the lands of the grantor in a county or township would be good in a conveyance, and in construing deeds the courts endeavor to discover the intention of the parties and give it effect. A description that would be good between the grantor and grantee might not always be good for purposes of taxation. (Blackwell on Tax Titles, 124.) A description for purposes of taxation, however, is to be construed with reference to the well known customs in describing property for purposes of taxation with respect to letters, characters and abbreviations. A description which would be sufficient in a conveyance is doubtless generally sufficient for taxation. If the description is the same as that by which the owner has acquired title, he will, of course, not be misled in any way, and the description will be good against him for the reason that he has adopted it. In these cases the Title Guarantee and Trust Company acquired its title to the premises taxed through instruments describing them according to the assessor's plat, and the Chicago Auditorium Association acquired most of its lots by like descriptions. The purpose of the description is to give the owner information of the claim made against his property, and in case of sale to inform the public what land is offered for sale and to enable the purchaser to obtain a sufficient conveyance. If the land is described with sufficient particularity for these purposes it is all that will be required. (Cooley on Taxation, 283.) In *Law* v. *People*, 80 Ill. 268, it was said that for the purposes of taxation any description by which the property may be identified by a competent surveyor with reasonable certainty, either with or without the aid of extrinsic evidence, will be sufficient. In that case the

court concluded that any competent surveyor could locate the property without extrinsic aid. In *Fowler* v. *People*, 93 Ill. 116, a surveyor was introduced as a witness, who testified that he would have no difficulty in locating the land assessed by the description given, and the rule of law was again declared in that case. In *People* v. *Stahl*, 101 Ill. 346, the certificate of the surveyor of the town of Effingham misdescribed the tract on which the town was in fact laid out. There were monuments on the ground actually subdivided to mark the boundaries. It was held that the description was sufficiently definite and certain, and that any surveyor with the plat, by aid of the monuments on the ground, could locate the objector's lots and identify them as the identical lots described in the county clerk's subdivision. In *Greenwood* v. *Town of LaSalle*, 137 Ill. 225, a description which, standing alone, was uncertain, was held to be intelligible when taken in connection with that preceding it, and to be sufficient. In *Cairo, Vincennes and Chicago Railway Co.* v. *Mathews*, 152 Ill. 153, the right of way of the railroad company was given an erroneous description, but it was held sufficient where a competent surveyor would have no difficulty in locating and identifying the right of way through the county. The undisputed evidence in the records before us brings the descriptions of the lots of plaintiffs in error within the rule established by these decisions.

What has been said disposes of the objections, with the exception of one interposed by the Chicago Auditorium Association to the tax levied for school purposes. The objection was, that the appropriation ordinance passed by the city council, upon which the tax was based, did not specify the objects and purposes for which the appropriation was made and the amount appropriated for each object or purpose, and that the ordinance levying the tax did not specify, in detail, the purposes for which the appropriations were made and the sum or amount appropriated for each purpose, respectively, as

required by the act for the organization of cities and villages. The appropriation ordinance and the ordinance levying the tax each provided for specific sums of money under two separate headings, one for new buildings and sites and the other for educational purposes. The objection argued is, that the ordinance levying the tax must show on its face the items for which the money is appropriated and the tax levied, and that the tax cannot be levied in two lump sums. It is urged that the ordinance should have separated into items the amount required for new buildings and the amount required for sites, and that the phrase "educational purposes" is too broad and not specific. The statute provides that the board of education shall annually, before the first day of August, certify to the city council, under the hands and seals of the president and secretary of the board, the amount of money required to be raised by taxation for school purposes in the district for the ensuing year, and the city council shall thereupon cause the said amount to be levied and collected in the same manner provided by law for the levy and collection of taxes for school purposes of such district. (Act of 1879, sec. 4; Hurd's Stat. 1899, p. 1574.) The board of education of the city of Chicago certified to the city council the amount required for the establishment and support of schools for the year 1900, stating certain sums as required for new buildings and sites and a certain sum for educational purposes. It was then the duty of the city council to cause the same to be levied and collected in the same manner provided by law for the levy and collection of taxes for school purposes. In the administration of the School law the city council performs the same functions as the school authorities in school districts generally, and may levy a tax not exceeding two and one-half per cent for educational and two and one-half per cent for building purposes. (School Law, art. 8, sec. 1; Hurd's Stat. 1899, p. 1555.) In that act the terms "educational purposes" and "school purposes"

are used interchangeably, and the legislature have fixed the form of certificate for the levy of school taxes by school directors. The certificate is to state the sum required for school purposes and the sum required for building purposes. (School Law, art. 8, sec. 2; Hurd's Stat. 1899, p. 1556.) It is not necessary to go into the items of either or to make a further specification, and the ordinance in this case was a full compliance with the law.

The judgment of the county court is affirmed.

*Judgment affirmed.*