DOE on the Demise of APPLEGATE *v.* HALL.—On Appeal.

EJECTMENT for the west half of lot No. 104, in the town of *Connersville.* Judgment for the defendant. The defendant confessed lease, entry, ouster, and possession. The plaintiff gave in evidence a deed to the property described in the declaration, and there was further evidence given tending to show a dispute between the parties as to the location of the boundary line of the premises sued for and the adjoining lot; but as the

defendant had confessed himself to be in possession of the premises sued for, we do not see, if the plaintiff proved title thereto in his lessor, how the question about the boundary could well be got before the Court. To have determined that, it seems to us, the defendant should not have admitted himself in possession of said half lot, but have left the plaintiff to prove the fact, in doing which he would necessarily have had to prove the boundary; but on this part of the cause we decide nothing, as it is here simply on the weight of the evidence, and we do not think the record purports to contain it all, and it is objected by the appellee that it does not.

May Term, 1850.

Doe
v.
Hall.

The bill of exceptions commences thus: "On the trial the following evidence was given." Then follow certain matters of evidence, at the end of which is a period. The record then proceeds by saying: "The evidence closed, and thereupon the Court found," &c. Now, though the record states that "the following evidence" was given, it does not thereby exclude the conclusion that other evidence besides "the following" was also given. And though the record states that "the evidence closed," as of course it did, before the finding of the Court upon it, still it does not follow that it closed at the point where this record ceases to contain a copy of it, and that that copied is all upon which the Court found. The counsel for the appellant insists that the fair construction of the language of the bill, at its commencement and close, taken together, is to make it declare that it contains all the evidence; and he quotes the expression at the close, and argues upon it accordingly, as being "the evidence *here* closed;" that is, at the termination of that copied. But the word "here" is not in the bill; were it, we should probably come to a different conclusion on this point. It would materially affect the signification of expression.

he judgment is affirmed with costs.

*S. Newman*, for the appellant.

*W. Parker*, for the appellee.