## Samuel Colcord

### *v.*

## Jediah F. Alexander.

1. Conveyance—*sufficiency of description—parol evidence.* Any description adopted in a deed by which the premises intended to be conveyed may be established and identified, is sufficient, and it is the settled doctrine that, for the purpose of sustaining a grant, extrinsic evidence may always be used to identify and establish the objects of the call in the deed. A devise or grant will only be declared void for uncertainty when, after resort to oral proof, it still remains a matter of mere conjecture what was intended by the instrument.

2. Thus, where the levy of an execution and the marshal's deed made to the purchaser described the land as *"part of the* east half of the south west quarter of section ten, in township five north, range three west of the third principal meridian, situate in the county of Bond, and State of Illinois, containing sixty-four acres more or less," and the levy further showed that it was levied on "as the property of the within named defendants;" and it appeared from extrinsic evidence that the judgment debtors owned sixty-four acres in the section, township and range described: *Held,* that the levy and deed were not void for uncertainty, as the land could be located with reasonable certainty by the previous possession and descriptions contained in the deeds of former grantors.

3. If the description had been of a less number of acres than the debtors owned in the quarter described, then it would have been void for uncertainty, and the part intended could not be shown by parol proof.

4. If a party sell a certain number of acres, or all the land he has in a certain locality, it may be shown what lands he owned in the locality.

Appeal from the Circuit Court of Bond county; the Hon Joseph Gillespie, Judge, presiding.

This was a bill in chancery, by Jediah F. Alexander against Samuel Colcord, to enjoin the defendant from committing trespasses, or cutting timber, etc., upon the land described in the bill, and to quiet title. The defendant answered, and filed his cross-bill setting up title derived through a marshal's sale and deed under a judgment in the Circuit Court of the United States for the Southern District of Illinois, and execution issued thereunder against Lansing & Ostrom, and praying for an injunction to restrain the complainant from the commission of trespasses on the same land and to quiet the defendant's title, etc. The court below decreed the marshal's deed of the land null and void for uncertainty of description, made the complainant's preliminary injunction perpetual, and dismissed the defendant's cross-bill. From this decree the defendant appealed to this court.

Mr. GEO. P. STRONG, for the appellant.

Mr. WM. H. UNDERWOOD, and Mr. T. S. CASEY, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Both parties claim title to the land in controversy through Lansing & Ostrom : the appellee as their grantee, and the appellant as grantee of the purchasers at the marshal's sale under an execution issued on a judgment in the United States Circuit Court for the Southern District of Illinois, in favor of Gaylord, Son & Co., and against Lansing & Ostrom.

The original bill in this cause was for an injunction and to quiet title. No question as to the jurisdiction of the court has been made, and the point in the case on which the decision turns is, whether the description of the land in the marshal's deed to the Gaylords, under which Colcord claims title, is so vague and indefinite as to be void for uncertainty, or whether the land intended to be conveyed may be located and identified by oral proof.

Among other tracts, the marshal levied the execution on the following: "Part of the E. hf. S. W. qr., sec. 10, T. 5 N., R. 3 W., containing 64 acres, more or less,  *  *  *  *  in Bond county, State of Illinois, as the property of the within named defendants."

By this description the land was advertised and sold as the property of the judgment debtors, Lansing & Ostrom. The time for redemption having expired, and the land not being redeemed, the marshal, after reciting the levy and sale, conveyed the same to Benjamin and Thomas Gaylord by the following description: "Part of the east half of the south west quarter of section ten, township five north, range three west of the third principal meridian,  *  *  *  *  situated in the County of Bond, and State of Illinois, containing sixty-four acres, more or less."

Without the aid of extrinsic evidence it would be difficult to locate the land intended to be conveyed. This, to some extent, is true of all descriptions. Where the description is by Congressional numbers, or by metes and bounds, resort must be had to oral proof, in many instances, to determine the corners, fix the witness trees or other monuments that mark the boundaries, in order to locate the land by the description given.

Any description adopted in a deed by which the premises intended to be conveyed may be established and identified, is sufficient; and it is the settled doctrine, for the purpose of sustaining a grant, extrinsic evidence may always be used to identify and establish the objects of the call in the deed. A devise or grant will only be declared void for uncertainty where, after resort to oral proof, it still remains a matter of mere conjecture what was intended by the instrument. *Choteau* v. *Jones,* 11 Ill. 300; *Williams* v. *Warren,* 21 Ill. 541; *Worden* v. *Williams,* 24 Ill. 67; *Dickenson* v. *Breeden,* 30 Ill. 279; *Townsend* v. *Downer,* 23 Ver. 225; *Bates & Wise* v. *Bank of Missouri,* 15 Mo. 309.

In the case at bar, we think the land may be located with unmistakable certainty from the description contained in the deed itself, and it is therefore sufficient to pass the title. It was levied on as the property of the judgment debtors. The evidence shows they owned land in section ten, in the township designated. The number of acres is given, and it includes all they owned in section ten. The surveyor, who was a witness on the trial, says there is no difficulty in identifying the land from the description. He was familiar with it, and knew it as the land of Lansing & Ostrom. Had the marshal sold a less number of acres than the judgment debtors owned in section ten, then the description would have been void, for it would have been, even after resort to oral proof, mere conjecture what part of the quarter section was intended, and the cases cited by counsel for appellee would be in point. Here all they owned, or claimed to own, in that quarter section, was levied upon and sold, and it is shown it may be readily identified by the previous possession and the descriptions contained in the deeds of former grantors. A description will be held sufficient which can be rendered certain by oral proof. It is not intended by such evidence to enlarge or vary the terms used in the deed. This could not be done. It is simply to explain whatever ambiguity there may be in the terms actually used. For example, if a party sell his farm as black-acre, and have other farms, the purchaser may resort to parol evidence to prove which farm is black-acre. *Marshall* v. *Gridley,* 46 Ill. 247. Or if a party sell a certain number of acres, or all the land he has in a certain locality, it may be shown what lands he owned in the place described.

The lands of Lansing & Ostram in section ten were sold and conveyed by the marshal. It was competent to show by oral proof what lands they owned, and it appearing from the evidence that all the lands they owned in the quarter section of section ten described, were conveyed, no reason is perceived why their title did not pass by the sale and conveyance to the grantors of appellant.

Appellee had notice, prior to his purchase, of the interest appellant claimed in the lands. He was not, therefore, an innocent purchaser, and the title of appellant must be held to be paramount.

The decree of the circuit court is reversed, and the cause remanded, with directions to that court to dismiss the original bill, and decree the relief prayed in the cross-bill.

*Decree reversed.*