WILLIAM C. RITCHIE *et al.*

*v.*

WALTER L. PEASE.

*Filed at Ottawa June 13, 1885—Rehearing denied September Term, 1885.*

1. CONFLICT OF JURISDICTION—*power of State courts to correct mistakes in decrees of Federal court.* A State court is not empowered to review the judgments, decrees and orders of a United States District Court, and rectify the errors therein.

1. PAROL EVIDENCE—*to identify land under a misdescription in a deed.* A deed of an assignee in bankruptcy described the property as lot 9, block 28, Fort Dearborn addition to the city of Chicago, subject to all incumbrances thereon, when there was, in fact, no such lot in existence. The description was sought to be aided by parol evidence of the knowledge and intention of the assignee and the purchaser, and make the same apply to lot 28, block 9, etc.,—the proper description: *Held,* that there was no latent ambiguity, and that the parol evidence could not render the deed operative to pass the bankrupt's title, which still remained in the assignee.

3. Where land is described by an impossible description, and also as the property of a person named, in a given locality, the first part of the description may be rejected, and parol evidence received to show what property answers the latter description.

4. Where a deed purports to convey all of a person's right, title, interest or claim in a piece of property, which, from the terms used to describe it, can have no existence, it can not be regarded as an assertion of ownership of any specific property, and can not be aided by parol evidence.

5. MISTAKE—*of deed of officer of court—correcting as against creditors.* It does not follow that a deed of an assignee in bankruptcy will be rectified in equity merely because of a mutual mistake between the assignee and the purchaser as to the description of the land attempted to be sold. The creditors of the bankrupt have an interest in the question. In such case the bankrupt court may order the proper land to be sold by its correct description.

6. CLOUD ON TITLE—*complainant must have the title.* On bill to set aside a deed as a cloud upon the title to complainant's land, it is incumbent on him to prove title in himself when that is put in issue by the answer. It is not sufficient that the defendant's claim is under a merely colorable title.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

23—114 ILL.

On the 24th of December, 1880, Stephen L. Inslee filed his bill in chancery in the circuit court of Cook county, wherein, among other things, he alleged that on August 28, 1878, Walter L. Pease was the owner of lot 28, in block 9, in Fort Dearborn addition to Chicago, subject to a mortgage to the United States Mortgage Company, dated July 12, 1877, to secure $18,000, etc., and subject also to judgments hereinafter mentioned; that on the said 26th day of August, 1878, Pease was adjudicated a bankrupt by the United States District Court for the Northern District of Illinois; that Albert T. Lewis was duly appointed as assignee, and received a deed of assignment from A. B. Coon, one of the registers, of all Pease's estate, real and personal, and that such deed was duly recorded; that in his schedule of assets Pease inventoried said real estate as lot 9, block 28, etc., subject to a trust deed dated July 12, 1877, to the United States Mortgage Company, to secure, etc.; that on October 11, 1878, Lewis, as assignee, filed a petition for leave to sell said real estate described as lot 9, block 28, of Fort Dearborn addition to Chicago, subject to said incumbrance, and that thereupon an order was entered directing such sale and notice in the "Elgin Advocate," and by mail to creditors; that notice was duly given, and on November 2, 1878, the assignee offered the premises at public vendue, and Inslee became the purchaser; that on November 9, 1878, the assignee made report of sale, and that the sale and all proceedings thereunder were duly confirmed; that Lewis made an assignee's deed, dated November 9, 1878, thereby conveying all Pease's interest, as well as the assignee's, to Inslee, which deed was recorded November 21, 1878, and that Inslee thereby became owner of said lot 28; that on October 29, 1879, the sheriff of Cook county sold said premises at sheriff's sale under an *alias* execution, which purported to have been issued out of the Superior Court of Cook county, on June 28, 1879, upon a judgment rendered against Pease and others, and in favor

of Robert B. Chisholm; that at said sale Inslee became the purchaser of said lot 28, for $10, and the usual sheriff's certificate of sale was issued to him; that Wells, Norton & Walker pretended to redeem from said sheriff's sale, by virtue of some pretended judgment and execution against Pease, and complainant charges that said pretended redemption was irregular, illegal and void, and that Wells, Norton & Walker had or possessed no right in the premises to make such or any redemption; that the sheriff afterwards executed a pretended deed to Wells, Norton & Walker, dated November 29, 1880, recorded, etc., and that Wells, Norton & Walker quitclaimed to Ritchie, by deed dated November 30, 1880, recorded December 8, 1880, and that Ritchie now claims title; that the pretended sheriff's deed to Wells, Norton & Walker, and said quitclaim to Ritchie, by reason of having been recorded, are clouds upon complainant's title. The bill prays that said deeds to Wells, Norton & Walker, and to Ritchie, be set aside, and declared void as against complainant, as clouds, and that said deed of the assignee to complainant be decreed to have passed the title of the assignee and said bankrupt in said lot 28, etc.

On the 12th of February, 1881, said Inslee, by leave of the court, filed an amended and supplemental bill, alleging the execution of a deed by the defendant Ritchie to Francis T. Wheeler, January 14, 1881, and the commencement of an ejectment suit by Wheeler, against Inslee and his tenants, on the 18th day of January, 1881, in the Superior Court of Cook county, and making Wheeler a party defendant, and asking that he be enjoined from further prosecuting said ejectment suit. On June 18, 1881, the bill was further amended by alleging that Pease, the bankrupt, obtained his discharge in bankruptcy on the 22d of January, 1879, and that the said judgment so obtained by said Wells, Norton & Walker was a provable claim against the estate of said bankrupt, and that the issuing of an execution thereon, and all proceedings there-

under, were void. On the 14th of June, 1883, the death of complainant Inslee was suggested, and on July 12, 1883, a bill of review was filed by Mary Voorhees, Margaret G. Owens and William Inslee, heirs-at-law of the complainant Inslee. On the 27th of May, 1884, the said heirs-at-law filed their amended bill of review, and on the 2d day of October, 1884, on motion of counsel for the heirs-at-law of said Inslee, said Walter L. Pease was substituted as complainant in place of said heirs, and he filed his amendment to said bill of review, alleging that in the lifetime of Inslee,—that is to say, on the 16th of March, 1883,—said Inslee conveyed the property in question to him, and that he then thereby became the owner thereof, and that after the recovery of the judgment by the said Wells, Norton & Walker, on the 22d of January, 1879, he was discharged in bankruptcy from all debts and claims against his estate which existed on the 26th day of August, 1878, and praying that the original bill, and the bill of review, as amended, be taken as amended by such allegations, etc. Answers were filed to the bill, amended and supplemental bills, and amended bills of review.

The court ordered that Pease be substituted in place of the heirs-at-law of Inslee, and, on final hearing, the court finds that Pease was the owner in fee of said lot 28 on and prior to August 28, 1878; that on that day he filed his bankruptcy petition; adjudication of Pease on the 29th of August, 1878; appointment of Lewis as assignee, and assignment by the register to Lewis, including said lot 28, and vesting all Pease's title in Lewis by such assignment; that on October 11, 1878, Lewis, as assignee, filed his petition to sell said real estate; order for sale of said real estate by the district court, upon specified notice, which the court finds was duly given, and that on November 2, 1878, the assignee offered and sold said real estate to Inslee; approval and confirmation of said sale on November 9, 1878, by said district court, and deed by the assignee on the same day to Inslee, conveying said premises;

that in making the sale, Lewis intended to sell lot 28, etc., and that Inslee intended to purchase, and supposed he was purchasing, said lot; that the assignee's deed should be reformed and corrected, so that the description shall read, or be decreed to have the same force and effect as though said description did read, lot 28, etc.; that the allegations of the bill with relation to the issuing of the sheriff's deed to Wells, Norton & Walker, and the deed by them to Ritchie, and the deed by Ritchie to Wheeler, and the recording of said deeds, are true, and that each of said three deeds is a cloud; that Inslee, on March 16, 1883, deeded to Pease, and that Inslee's title passed to Pease by said deed, and that Pease is entitled to the money in the hands of the receiver, after payment of costs and expenses; decrees that the title to said lot 28, etc., passed by the assignee's deed to Inslee, and that Inslee conveyed said lot to Pease by his deed of March 16, 1883, and that the certificate of redemption to Wells, Norton & Walker, and the sheriff's deed to them, and the quitclaim deed from them to Ritchie, and the deed from Ritchie to Wheeler, be set aside, and declared null and void as against Pease, his heirs and assigns, as clouds; decrees costs of suit against Ritchie and Wheeler; further decrees that Pease is the owner of and entitled to the money in the receiver's hands after payment of costs, expenses and compensation of the receiver, and orders and directs the receiver to pay to Pease, and take his receipt, and make final report, etc., and retains the cause upon the docket as to the receiver's report and discharge. The errors assigned question the correctness of the ruling of the court in thus decreeing.

Messrs. DUPEE, JUDAH & WILLARD, and Mr. FREDERIC ULLMANN, for the appellants:

The conveyance of lot 9, block 28, passed no title to lot 28, block 9. There was no such lot as that first named, in existence.

To sustain a grant, extrinsic evidence is admissible to identify and establish the basis of the call in the deed. But where, as a consequence of a mistake, a deed does not express the intention of the parties, and describes what was not intended, and fails to describe what it was intended to describe, it must be rectified by a court of equity before it can become operative. *Bridge Co.* v. *Curtis,* 103 Ill. 410; *Shackleford* v. *Bailey,* 35 id. 381; *Smith* v. *Crawford,* 81 id. 296; *Colcord* v. *Alexander,* 67 id. 247; *Carter* v. *Barnes,* 26 id. 454.

The assignee's sale was a judicial sale. (Rorer on Judicial Sales, secs. 1, 12; *Stevens* v. *Houser,* 39 N. Y. 306.) He could sell only by virtue of the order of the bankrupt court. (*Ziegler* v. *Shomo,* 78 Pa. St. 363.) That court has power to confirm or set aside the sale. *In re Barrow,* 1 B. R. 481; *In re Troy Woolen Co.* 4 id. 629; 8 Blatchf. 465; Bump on Bankruptcy, 564.

The assignee is an officer of the court. (*In re Blaisdell,* 6 B. R. 78.) If the assignee sells what he is not directed to sell, the sale is invalid. *Warren* v. *Homestead,* 33 Maine, 256.

At a judicial sale the deed can only pass the title authorized by the decree to be sold. Rorer on Judicial Sales, 379; *Ryan* v. *Dox,* 25 Barb. 440; *Shriver* v. *Lyman,* 2 How. 43.

Our court can not correct the mistakes made in the orders and decrees of another tribunal. *Ward* v. *Brewer,* 19 Ill. 291. See, also, *Klokke* v. *Stanley,* 109 Ill. 192.

If the circuit court had the power to reform' the deed of the bankruptcy court, there are no equities in the complainant entitling him to relief. *Altes* v. *Hinckler,* 36 Ill. 267.

The Federal court still has a supervisory power over its records, and the acts of its officers, and of this sale, and of the bankrupt's property, and is the proper court in which to seek relief. Bankrupt act, sec. 5062; *Sproehnle* v. *Dietrich,* 110 Ill. 202; *Logan* v. *Lucas,* 59 id. 237.

Mr. MELVILLE W. FULLER, and Messrs. COOK & UPTON, for the appellee:

A devise or grant of land will only be declared void for uncertainty, where, after resort to oral proof, it still remains a matter of mere conjecture what was intended by the instrument. *Colcord* v. *Alexander*, 67 Ill. 581; *Choteau* v. *Jones*, 11 id. 300; *Williams* v. *Warren*, 21 id. 541; *Warden* v. *Williams*, 24 id. 67; *Dickenson* v. *Breeden*, 30 id. 279; *Townsend* v. *Downer*, 23 Vt. 225.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The decree below must be reversed. The deed by the assignee in bankruptcy to Inslee can convey no title without rectification, and a State court is not empowered to review the decrees, judgments and orders, and rectify the errors therein, of a United States District Court. These propositions seem so self-evident that but little need be said in their support.

The material facts are, Walter L. Pease was, on the 28th of August, 1878, the owner of lot 28, in block 9, in Fort Dearborn addition to Chicago. On that day he filed his voluntary petition in bankruptcy in the United States District Court for the Northern District of Illinois. In his schedule of assets attached, he inventoried lot 9, in block 28, Fort Dearborn addition to Chicago, instead of the lot which he owned. On the following day he was adjudged a bankrupt, and at a subsequent time Albert T. Lewis was appointed his assignee, and, in compliance with the Bankrupt act, a deed of assignment conveying all the bankrupt's effects was issued to him on the 7th of October, 1878. On the 11th of October, 1878, Lewis, as such assignee, filed in the same court by which he was appointed, his petition for leave to sell certain assets of the bankrupt, describing them, among which he enumerated lot 9, in block 28, Fort Dearborn addition to Chicago, "subject to an incumbrance secured by note and trust deed, bear-

ing date July 12, 1877, etc., given to secure $18,000 in gold, to United States Mortgage Company, —— years after date, with interest at nine per cent." The court, on the same day, ordered the assignee to sell the property mentioned in the petition at public auction, after giving three weeks' notice in the "Elgin Advocate," etc. The notice published described "all the right, title and interest of said bankrupt, or the undersigned, as assignee, in and to all the following described property, subject to all existing liens and incumbrances, to-wit: lot 9, of block 28, of Fort Dearborn addition to Chicago, Cook county, Illinois." On the 9th of November, 1878, the assignee made report to the court, accompanying which was a copy of the notice published, and in the report he showed that he had sold the "bankrupt's certain right or equity in and to lot 9, of block 28, of Fort Dearborn addition to Chicago, Cook county, Illinois, to Stephen L. Inslee, for five dollars." The district court approved the sale on the 9th of November, 1878, and on the same day the assignee conveyed to Inslee "all the right, title, interest, estate, claim and demand of the said bankrupt which he had on the said 28th day of August, A. D. 1878, and of the said Albert T. Lewis, as assignee aforesaid, (subject to all unpaid taxes, and to all liens and incumbrances, unless by the terms of said sale expressly excepted,) in and to the following described real estate, to-wit: lot nine (9), of block twenty-eight (28), of Fort Dearborn addition to Chicago, Cook county, Illinois."

There is no such property anywhere as lot 9, in block 28, of Fort Dearborn addition to Chicago. But it is contended that parol evidence is admissible for the purpose of explaining and correcting the mistake, and that it has been held in *Colcord* v. *Alexander*, 67 Ill. 581, that a description will be held sufficient which can be rendered certain by parol proof, and evidence was offered and admitted that this property was known as "No. 53 State street, in Chicago," both to Lewis, the assignee in bankruptcy, and to Inslee, the purchaser, at

the time of the sale, and, indeed, that they knew it by no other description. This is quite competent to prove a mistake in the description of the property as conveyed, and that the property which the assignee intended to sell, and which Inslee intended to buy, was not the property which the deed assumes to convey, but was, in fact, lot 28, in block 9, of Fort Dearborn addition to Chicago. It could hardly be seriously contended, however, that a deed conveying one piece of property, or assuming to convey property of which there is no existence, can be held a sufficient conveyance of a piece of property of another description, merely because it may be shown by parol that the parties mutually intended, the one to sell, and the other to buy, and they actually thought the one was selling and the other buying a piece of property of the latter description. Parol evidence is admissible in the case of a latent ambiguity, and to identify and establish the objects of the calls in a deed, as in *Colcord* v. *Alexander*, *supra.* In that case property was sold as the property of Lansing & Ostrom, and it was held parol evidence was admissible to identify the property in controversy as answering to that description. So here, had this property, in addition to the descriptive words here used, been described as the property of Pease, in a given locality, the impossible description might have been rejected and parol evidence admitted to show what property answered to this description; but "all of a person's right, title, interest or claim," in a piece of property which, from the terms used to describe it, can have no existence, is an assertion of no ownership of any specific property. It is impossible that the deed can derive any aid from the mortgage, because, first, it makes no reference whatever to the mortgage, and so there is no principle upon which the mortgage can be read as a part of the deed; and second, because there is, in fact, no such mortgage as that referred to in the schedule of Pease. The only mortgage of which there is any evidence is one dated July 12, 1872,—five years

before that described in the schedule,—for $20,000, instead of $17,000, as described in the schedule.

There is no latent ambiguity, and the difficulty is not in establishing the objects and calls in the deed. There is no property answering the description in the deed, and the words "lot 9, in block 28," being rejected, no objects or calls are left which can be applied to any property. The error in the description commenced with the schedule, and was continued in the petition, notice and order and confirmation of sale, in the United States District Court. The power to execute the deed was derived from that court. The property was that of a bankrupt, and no State court was therefore empowered to deal with it. We perceive no reason why that court may not still subject that property to sale for the payment of the debts of the bankrupt; but certainly this court can not sit as a court of review to rectify and amend the errors of that court, and this deed can not be rectified unless that shall be done. *Logan* v. *Lucas,* 59 Ill. 237 ; *Sproehnle* v. *Dietrich,* 110 id. 202.

We may observe it does not follow there should be rectification merely because the mistake was mutual between the assignee and the purchaser. The creditors have an interest in the question. The fact that the property decreed to be sold, and advertised to be sold, had no existence, may have been a reason why more money was not bid at the sale. It by no means follows that no one else would have bid had the property which the bankrupt really owned been decreed and advertised to be sold.

The decree is reversed and the cause remanded.

*Decree reversed.*

Subsequently, upon an application for a rehearing, the following additional opinion was filed :

Per CURIAM : A petition for rehearing has been presented, in which it is insisted that the appellants are in nowise prejudiced by that portion of the decree which we have held to

be erroneous. In our opinion this is a misapprehension. Undoubtedly it is, before suit brought, a matter of indifference to a party having only a colorable title, in whom is the real title; but a party in possession under a colorable title is entitled to hold that possession against all the world except those who establish a better title, and possession under a colorable title may ripen, by the lapse of time, accompanied by payment of taxes, into an absolute title. To maintain a bill to remove a deed as a cloud upon a title, where the title of the complainant is put in issue by the answer, the complainant must prove title in himself. (*Wing* v. *Sherrer*, 77 Ill. 200; *Emery* v. *Cochran*, 82 id. 65; *Hutchison* v. *Howe*, 100 id. 11.) Here, the title of the complainant, Pease, is put in issue by the answer. It is expressly denied that any title passed by the assignee's deed to Inslee, and by Inslee's deed to Pease. Without the erroneous decree declaring title in Pease, he has no standing in court. By virtue of it he has a decree, which he could not otherwise have, divesting appellants of the possession of property to which they are entitled as against everybody but the assignee in bankruptcy. It can not be pretended that in this proceeding, if a decree had not gone in favor of Pease, it would have gone in favor of the assignee in bankruptcy divesting their possession, because no pleadings in the record authorize such a decree. The appellants are decreed to pay costs, when, but for the error in declaring title in Pease, he would have been decreed to pay the costs. Appellants are therefore directly and materially prejudiced by the erroneous decree.

The case made is certainly one wherein, if it had been in reference to a mere private transaction, by which one person was attempting to convey land to another, a court of equity would, on proof, correct the mistake. But we think it very clear that no legal title to lot 28 passed by the assignee's deed to Inslee.

The rehearing is denied. *Rehearing denied.*