Filed Sept. 24, 1889.

---

No. 13,487.

WORKS ET AL. *v.* THE STATE, EX REL. HOLLAND, AUDITOR.

MORTGAGE.—*Description.*—*Office of.*—The office of a description is not to identify land, but to furnish the means of identification, and where the description contained in a mortgage does this, it is not void.

SAME.—*School Fund Mortgage.*—*Foreclosure.*—*Party in Interest.*—*County Auditor.*—*Right to Testify where Heirs or Administrators are Parties.*—In a suit upon the relation of a county auditor to foreclose a school fund mortgage executed during his term of office, the relator is not a party in interest within the meaning of the statute prohibiting parties from testifying as witnesses where heirs or administrators are parties.

From the Switzerland Circuit Court.

*W. R. Johnston,* for appellants.

*J. B. McCrellis,* for appellee.

ELLIOTT, C. J.—This suit was brought to foreclose a school fund mortgage. The appellants insist that the court erred in overruling the motion to modify the decree, and in support of their position argue that as to two of the tracts of

land embraced in the mortgage, the description is so defective as to be void. We can not yield to counsel's argument. The office of a description is not to identify the land, but to furnish the means of identification, and this is done by the description here challenged. *Rucker* v. *Steelman,* 73 Ind. 396. It furnishes the means of making the description certain, and that which can be made certain is certain.

The controversy here is between the original parties, and directly affects the original instrument, and not subsequent proceedings founded upon it, so that we have no question as to the right to reform a deed or mortgage against a *bona fide* purchaser, nor have we any question as to the right to reform a sheriff's deed.

The relator, who was, at the time the mortgage was prepared, the auditor of the county of Switzerland, was a competent witness. He was not a party in interest within the meaning of the statute prohibiting parties from testifying as witnesses where heirs or administrators are parties. He was a public officer, performing an official duty when the mortgage was executed, and it was as a public officer that he brought the suit as the relator of the State.

Judgment affirmed.

Filed Sept. 25, 1889.