Gerlach v. Walsh.

## LUDWIG GERLACH
### v.
### EDWARD WALSH.

*Forcible Entry and Detainer—Written Instrument—Parol Evidence.*

1.   Where a deed, purports to convey the interest in a piece of property, which from the terms used to describe it can have no existence, it can not be aided by parol.

2.   In forcible entry and detainer proceedings, the notice and complaint should describe the premises properly, instead of following an erroneous

description in the lease. Upon trial it can be shown that the defendant entered into the premises under the lease and paid rent therefor.

3. Property wrongfully withheld is to be ascertained by the judgment of the court, and restitution thereof enforced by its process, and a judgment should not be rendered for the restitution of premises by an impossible description, and if rendered, can not stand.

[Opinion filed June 25, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. CROSS & COLLINS, for appellant.

Mr. SAMUEL S. McNAUGHTON, for appellee.

MORAN, P. J. This was an action of forcible entry and detainer commenced before a justice of the peace, in which the complainant describes premises withheld as " the entire building situated on the north side of 48th street, between Ida and Miller streets, also the barn in the rear thereof." Situated in the city of Chicago.

The case was appealed and was tried in the Circuit Court, and on the trial a lease was introduced made by appellee to appellant, in which the premises demised were described as in complaint. The court rendered a judgment against appellant for the premises thus described. The evidence in the record is conclusive that the 48th street mentioned is West 48th street, and that it runs north and south, and that Ida and Miller streets run east and west, and cross 48th street at right angles.

It is very clear, then, that there are no such premises as that described in the complaint, lease and judgment, and that it would be impossible for an officer to execute a writ of restitution for the premises.

If he was to expel persons from premises on the east or west side of the street under a writ which described premises as being on the north side of the street, his writ would furnish him no protection.

The property wrongfully withheld is to be ascertained by the judgment of the court, and restitution thereof enforced by its process. It follows that a judgment ought not to be rendered for the restitution of premises by an impossible de-

scription. Robinson v. Crummer, 5 Gilm. 218; Thompson v. Sornberger, 59 Ill. 326; Haskins v. Haskins, 67 Ill. 446; Burns v. Nash, 23 Ill. App. 552.

Where a deed purports to convey the interest in a piece of property which from the terms used to describe it can have no existence, it can not be aided by parol. Ritchie v. Pease, 114 Ill. 353.

Counsel who appears for appellee in this court had nothing to do with the management of this case below.

Appellee, when about to commence his action for the premises actually held by appellant, could easily have avoided all the expense and delay to which he has been subjected. It is manifest that a mistake was made by the person who drew the lease. But it was by no means necessary to adhere to the mistake in the forcible detainer proceedings. The notice and complaint should have described the premises truly instead of following the false description of the lease, and on the trial it could be shown that appellant entered into said premises under the lease and paid rent therefor.

As the judgment convicts appellant of withholding premises which he could not withhold, as there are none such in existence, it can not stand.

The case having been based on a notice for non-payment of rent of the non-existent premises, no amendment could be made in the Circuit Court which would enable appellee to maintain this action; it is useless to remand the case.

The judgment will be reversed.

*Judgment reversed.*