Annie Jopp et al., Appellees, v. R. H. Fairburn et al., Fortune Bros. Brewing Company, Appellant.

## Gen. No. 5373.

VERDICTS—*when set aside on review.* A verdict not sustained by the evidence will be set aside on review.

Action in case. Appeal from the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1910. Reversed and remanded. Opinion filed October 18, 1910.

ORVIS & BEAUBIEN, for appellant.

E. V. ORVIS, for appellees.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

This suit was brought under section 9 of the Dram-Shop act, by Patria Jopp against R. H. Fairburn and Fortune Brothers Brewing Company, to recover damages for injuries to her means of support by reason of the death of Barthomic Jopp, her husband, alleged to have been caused by intoxicating liquors sold to him by Fairburn in a building owned by Fortune Brothers Brewing Company. A demurrer was sustained to the declaration and leave was given to amend the writ by adding Annie Jopp, Thomas Jopp and Joseph Jopp, children of Barthomic Jopp, as parties plaintiff, and to file an amended declaration. An amended declaration was filed, and a trial resulted in a verdict of $2,500 for plaintiffs. A motion for a new trial was denied, and judgment was entered on the verdict, from which Fortune Brothers alone prosecute this appeal.

Appellant seeks a reversal of this judgment on the ground that there was no competent evidence that appellant owned the building in which the liquor was sold to Jopp, and that there was no competent proof that appellant had knowledge

that intoxicating liquors were sold in the building; and that the court erred in refusing to give an instruction on the subject of exemplary damages, requested by appellant.

Counsel for appellant were notified to produce upon the trial, a lease, a deed, and two chattel mortgages. These documents were not produced, and secondary evidence of the contents of the deed and chattel mortgages was resorted to in an attempt to prove appellant's ownership of the building, and its knowledge that intoxicating liquors were sold therein. The record of a deed, which, appellee claimed, vested the title to the premises upon which the building stood in appellant was admitted in evidence. It described lot one and the east half of lot two in John F. Mullery's subdivision of certain land in South Waukegan. The block number was omitted, and the evidence showed that the subdivision contained three blocks, in each of which, were lots numbered one and two. The description fitted equally well three different localities. Appellee, over appellant's objection, was permitted to introduce oral evidence to show that the buildings were in block two of Mullery's subdivision, but such evidence left it still a matter of conjecture as to what block the lots were in. "For the purpose of sustaining a grant, a deed which is reasonably certain, and purports to convey a title, may be introduced in evidence, and the description aided by extrinsic evidence. But such evidence must not enlarge or vary the terms of the instrument." Colcord v. Alexander, 67 Ill. 581. It can only be introduced for the purpose of explaining whatever ambiguity there may be in the terms actually used. Here, the extrinsic evidence was not introduced to explain an ambiguity in the description, for the purpose of sustaining a grant, but to supply an element missing from the description, material and necessary to locate the premises. This evidence was not sufficient, and there was no proof that appellant owned the building.

To charge appellant with knowledge that intoxicating liquors were sold in the building in question, the record of two chattel mortgages, purporting to have been given by R. H. Fairburn to appellant, and to convey chattels situated

in a saloon on Twenty-second street, conducted by Fairburn, and owned by appellant, was admitted in evidence. Appellee argues, that, in accepting the mortgages, appellant admitted that Fairburn was selling intoxicating liquors in its building. There was no proof that the mortgages were delivered to appellant, or accepted by it, or that it knew anything about them, or knew that they were on record, or that it exercised any authority over the property described therein. In Thompson v. Dearborn, 107 Ill. 87, it was held that, "The act of recording a deed cannot amount to a delivery and acceptance when there does not appear an assent to or knowledge by the grantee, of the act." In the absence of proof that the chattel mortgages were delivered to appellant, or that it knew anything about them or knew that they were on record, or that it exercised acts of ownership over the property, it cannot be held to have admitted the recitals in the mortgages, as contended by appellant. Therefore, there was no proof that appellant knew that intoxicating liquor was sold in the building in question.

Appellant's instruction on the subject of exemplary damages was properly refused, because it assumed the truth of certain facts, as to some of which there was no evidence, and all of which were for the jury to determine.

There being no sufficient evidence to sustain the judgment against appellant, it is reversed and the cause remanded.

*Reversed and remanded.*